## HEICHEMER v. PETERSON.

No. 4834.   Decided December 18, 1929.   (283 P. 435.)

*C. A. Robertson,* of Moab, for appellant.

*Knox Patterson,* of Moab, for respondent.

FOLLAND, J.

By this action respondents sought to recover money advanced by him on a contract for the purchase of fruit after rescission of the contract. Respondent is a fruit broker at Denver, Colo. The appellant is a fruit grower at Moab, Utah. The contract was in writing, and provided for the sale of approximately three cars of pears and two cars of apples upon which an advance payment was made by the broker. The first car of pears was shipped from Thompsons, Utah, and upon arrival at Denver was rejected by respondent as not meeting the terms of the contract, whereupon rescission followed.

Appellant assigns as error that the evidence does not support the findings in several particulars, and that the findings are insufficient, and do not cover all the material issues raised by the pleadings. It is contended by appellant that the trial court erred in construing the contract to the effect that respondent had the right to inspect and receive the fruit at Denver instead of at Thompsons. He contends that the specific provision in the contract "prices are f. o. b. loading point" fixed the point of delivery and receipt of the fruit at Thompsons which was the loading point. The contract described the kind, quality, and price of the fruit, and stated "all above prices are f. o. b. loading point." The next paragraph states the terms of payment, including the advance payment of $1,000, and "prompt payment of draft with bill of lading attached on inspection and acceptance of car." The appellant loaded the car with pears at Thompsons and billed same to respondent at Denver. While appellant had previously written to respondent to inquire whether it would be possible for him to send a representative to oversee the packing of the fruit, there had never been any notice or request that respondent meet the

car at Thompsons for inspection and acceptance. After loading the car, it was billed to respondent at Denver with draft attached. Appellant notified respondent of these facts, and that the car was on its way to Denver. We think that both the language of the contract and appellant's construction of it as evidenced by his conduct warranted the court in concluding that respondent had the right of inspection and acceptance or rejection of the fruit at Denver, Colo.

Appellant next contends there is no evidence to show a mutual rescission of the contract and no evidence which would give rise to a right in respondent to rescind. The car of pears left Thompsons September 23, 1925, and arrived in Denver some time during the forenoon of September 26. It was inspected by a government inspector at noon of the 26th. Respondent was absent from the city on the day of arrival, which was Saturday, but returned and made inspection himself on the morning of the 28th. According to his testimony, he found green, rotten pears in each box, 6 to 7 per cent decay, and from 20 to 26 per cent blemishes from stem punctures and worms. Respondent immediately wired appellant advising him of the condition of the pears, and that he could not accept the same. This was followed by a letter of the same day, a portion of which is as follows:

"Am sending you by parcel post some (pears) we took out of three boxes, so you can see that I am not trying to take advantage of you, but it looks to me like there will be a heavy shrinkage before they will ripen and be ripe enough for sale. I regret this deal very much, but I can not and you would not yourself, accept those pears under the circumstances. So if the rest of your pears and apples are going to be of the same class, you best sell them there, and return my $1,000.00"

Upon receipt of the wire and letter appellant replied by letter a part of which follows:

"I diverted car to them (Palisade Fruit Exchange Company) and as you suggest will allow them to handle balance, as it would be plain financial suicide to ship any more to you under these conditions. I used advance for material as I stated in my first letter, and needed

cash on this car for expenses to handle balance. Just as soon as I get returns enough from shipments to refund, shall be glad to do so."

Thereafter, without further notice or protest, the appellant diverted the car in question, and disposed of the balance of his fruit elsewhere. Appellant urges that the rescission was not mutual because there was no acceptance by respondent of the specific offer of appellant to return the money "as soon as I get returns enough from shipments to refund." The provision last referred to required no specific acceptance, in that it really means nothing more than that appellant had not the cash on hand to immediately refund the amount advanced, but that he recognized the obligation and would pay it within a reasonable time. It would seem from his letter and conduct that appellant accepted the situation as it was, and agreed to refund the sum advanced. There is sufficient evidence to support the court's finding with respect to a mutual rescission of the contract and the agreement by appellant to refund the money advanced. There is also evidence sufficient to support the court's finding that respondent had a right to rescind the contract. Respondent's testimony, which is not seriously questioned, indicates that there was rot and blemishes, stings, bruises, and worm holes in the fruit when inspected by him, which defects could not have been caused by failure to ice the car, or conditions in the car during transportation.

As to the insufficiency of the findings, appellant cites a number of cases from this court to the effect that findings of fact are insufficient which merely announce legal conclusions or which do not cover all the material issues raised by the pleadings. We think these cases are not in point, for the reason that the findings here, while not extensive, are still sufficient. The material issues are the following: (a) Was the contract entered into as stated? (b) Was the $1,000 advanced under the contract, and did appellant fail to repay same? (c) Did appellant breach the contract in failing to ship fruit of the grade and standard

called for in the contract? (d) Was there a mutual rescission of the contract? (e) Did respondent have the right to rescind the contract by reason of the pears not being of the grade and quality called for by the contract; and (f) did respondent have the right to inspect and either accept or reject the fruit at Denver rather than at shipping point? The court having found each of these issues in favor of respondent, and the findings being sufficient to indicate the same, there was no need of the court to recite the evidence upon every disputed point which might arise out of the allegations of the pleadings.

It is further contended that the court erred in refusing to grant the motion for a new trial. This motion was based largely on newly discovered evidence. Affidavits were presented from several persons who inspected the fruit or assisted in packing it at Thompsons. There was evidence in the record as to the condition of the fruit when it was packed in the car at Thompsons. The evidence proposed by the affidavits is merely cumulative. The court committed no error in refusing to grant a new trial.

Judgment is affirmed, with costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.